IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 07-00236-KD |
| | ) |
| CLINTON KIDD, | ) |
| Defendant. | ) |

### **ORDER**

This matter is before the court on the motion to terminate sentence filed by defendant Clinton Kidd and the response filed by the United States. Upon consideration and for the reasons set forth herein, defendant's motion is **DENIED**.

Defendant Kidd asserts that this court has jurisdiction to "enter an order indicating that [his] sentence has been satisfied by his incarceration as a federal inmate in the Brewton County Jail, and that he be ordered released from said custody"(doc. 147). The United States asserts that this court has jurisdiction to give defendant "credit in the federal system ([Bureau of Prisons (BOP)] for the time he has spent in incarceration, to date" and to accomplish this by court order or amendment to Kidd's original judgment (doc. 150).[1]

The court lacks jurisdiction in either scenario. The court does not have any authority to order the BOP to credit defendant Kidd with time served. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351(1992) (BOP determines whether credit should be given for time spent in

---

[1] Defendant Kidd was ordered to supplemental his motion on or before March 12, 2009, "with citation to legal authority that this court has jurisdiction to grant his motion and terminate his sentence" and the United States was ordered "to supplement its response, on or before March 12, 2009, with citation to legal authority that this court has jurisdiction to modify its original judgment or to order the BOP to give Kidd credit for the time spent in incarceration" (doc. 151). Neither the defendant nor the United States filed a supplement.

custody before the federal sentence commences);  United States v. Pineyro, 112 F.3d 43, 45 (2d Cir.1997) (federal courts lack authority under 18 U.S.C. § 3585 to order the BOP to give defendant credit for time served in state custody).[2]   Also, this court does not possess "some sort of inherent authority to modify a sentence." United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir.2002).  But instead, a sentencing court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) ("Generally, a district court may not modify a term of imprisonment once imposed"); United States v. Smartt, 129 F.3d 539, 540 (10th Cir.1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."); United States v. Lenderman, 2004 WL 335024, *1 (4th Cir. Feb. 23, 2004) ("the court may not modify a term of imprisonment once it has been imposed except in very narrow circumstances").

"By statute, a sentencing court may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) 'to the extent otherwise expressly permitted by statute or by Rule 35,' or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission." United States v. Dent, 2006 WL 2523435, 1 (S.D. Ala. Aug. 29, 2006) (dismissing for lack of jurisdiction petitioner's motion to modify based on deteriorating health) (footnotes omitted) (citing 18 U.S.C. § 3582(c)

---

[2] Although Kidd states that he has been "listed as a federal inmate", he was brought to this court on a writ habeas corpus ad prosequendum from the Monroe County Jail (doc. 13). Thus he was in the custody of the United States Marshal.  However, the BOP Program Statement addresses this situation as follows: "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody. Program Statement 5880.28, p. 1-20B (July 29, 1994)." Galloway v. Fisher, 2008 WL 4057803, 5 (N.D. Fla. August 27, 2008).

and United States v. McGranahan, 2006 WL 460929, *1 (11th Cir. Feb. 27, 2006) (explaining that district court may correct sentence under Rules 35 or 36, or may modify a sentence under § 3582(c) and citing United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir.2004) ("It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence.")).

In Kidd's case, as in Dent, "there is no motion from the Bureau of Prisons, no jurisdiction under Rule 35 or any statute other than § 3582(c), and no subsequent lowering of the applicable guidelines range", thus, this court lacks jurisdiction to grant the relief requested.  Accordingly, defendant Kidd's motion to terminate sentence is **DENIED**.

**DONE** and **ORDERED** this the 19th day of March, 2009.

> **/s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**